UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

MAURICE PARRISH,

    Petitioner.

v.

                   CIVIL ACTION NO. 5:21-cv-000426

D.L. YOUNG, WARDEN,
FCI Beckley,

    Respondent.

## MEMORANDUM OPINION AND ORDER

  On March 30, 2022, having received no objections, the Court entered an Order adopting Magistrate Judge Tinsley's Proposed Findings and Recommendation ("PF&R"), dismissing the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, and dismissing the matter. [Docs. 11, 12]. Mr. Parrish's objections to the Magistrate Judge's PF&R, dated March 18, 2022, were filed April 6, 2022. [Doc. 13]. Mr. Parrish contends FCI Beckley was on lockdown from March 7 until March 24, 2022, and he was unable to obtain a stamp to mail his objections before the extended deadline. [*Id.* at 6]. The Court will consider Mr. Parrish's objections.

### I.

  The Court is required "to make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C.

§ 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*." (emphasis added)). Further, the Court need not conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

Courts have imposed an exhaustion requirement in habeas corpus cases, requiring full exhaustion of the administrative process at the inmate's facility prior to judicial review. *Braden v. 30th Judicial Cir. Ct.*, 410 U.S. 484, 490–91 (1973). Section 2241 does not contain a statutory exhaustion requirement, but courts regularly require administrative exhaustion prior to habeas review. *See, e.g., Timms v. Johns*, 627 F.3d 525, 530-33 (4th Cir. 2010) (requiring exhaustion in a Section 2241 matter). Courts have discretion to waive this requirement, though courts tend to only do so when the administrative remedies would be futile. *McClung v. Shearin*, 90 F. App'x 444, 445 – 46 (4th Cir. 2004) (citing *Carmona v. Bureau of Prisons*, 243 F.3d 629, 634 (2nd Cir. 2001)); *see also United States v. Mercado*, 37 F. App'x 698, 699 (4th Cir. 2002) (upholding dismissal for failure to exhaust BOP's administrative remedies prior to filing Section 2241); *United States v. Odiana*, 7 F.3d 227 (4th Cir. 1993) (holding that administrative exhaustion is required prior to filing Section 2241).

The Court must construe *pro se* filings liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The Court should not deny a *pro se* litigant relief for mere technical deficiencies in his pleadings. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Nevertheless, the Court is not required to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them." *Beaudett*, 775 F.2d at 1277.

II.

Mr. Parrish objects to the Magistrate Judge's recommendation of dismissal for failure to exhaust administrative remedies. [Doc. 13 at 3 – 5]. Specifically, he contends the administrative remedy process was unavailable to him due to staff intimidation, threats, and excessive use of force on inmates attempting to utilize the grievance process. [*Id.*]. Magistrate Judge Tinsley noted the Petition failed to demonstrate exhaustion of each level of the Bureau of Prisons ("BOP") administrative remedy process, and failed to show the administrative remedy process would be futile. [Doc. 8 at 4]. Mr. Parrish pleads in the Petition, "Beckley officials will not allow me the grievance process on the matter of the First Step Act time credits." [Doc. 1 at 2]. Thus, it is evident Mr. Parrish did not exhaust his administrative remedies. Indeed, Mr. Parrish included conclusory statements of staff preventing his utilization of grievance procedures, yet he failed to provide specific information to demonstrate their plausibility. [Doc. 1 at 2; Doc. 13 at 4 – 5]. The Court cannot disregard the administrative exhaustion requirement based upon unfounded statements. Even if it did, Mr. Parrish's claims are prematurely brought before this Court, as discussed below. For these reasons, Mr. Parrish's objection is **OVERRULED**.

Mr. Parrish objects to the Magistrate Judge's recommendation of dismissal on the merits. [Doc. 13 at 2]. Specifically, he alleges he is entitled to good time credit under the First Step Act ("FSA") for his participation in certain programming completed between 2019 and the time of the Petition's filing. He does not include specific dates these programs were completed; however, Mr. Parrish notes he completed the programs after the FSA's enactment. [Doc. 1 at 6].

The First Step Act of 2018 provides for the creation and expansion of evidence-based recidivism programs and incentives. *See* Pub. L. 115-391, 132 Stat. 5194 (2018); 18 U.S.C. § 3632(d). Inmates may earn various incentives, including good time credits, through completion

of certain programs and activities. *See* 18 U.S.C. §§ 3632(b), (d). Additionally, the FSA requires the creation of a risk and needs assessment system to determine individual recidivism risk. 18 U.S.C. §§ 3632(a), 3621(h). The FSA requires full integration of this system to be completed by January 15, 2022. Thereafter, the BOP would credit individuals with good time for evidence-based recidivism programming dating back to the FSA's enactment on December 21, 2018. 18 U.S.C. § 3632(d)(4)(A). Mr. Parrish seems to incorrectly assume the BOP was *required* to award good time credit earned from program completion prior to the full implementation date of January 15, 2022. Section 3621(h)(4) discusses the phase-in period from time of enactment to full implementation:

> Beginning on the date of enactment of this subsection, the Bureau of Prisons may begin to expand any evidence-based recidivism reduction programs and productive activities that exist at a prison as of such date, and *may* offer to prisoners who successfully participate in such programs and activities the incentives and rewards described in subchapter D.

18 U.S.C. § 3621(h)(4) (emphasis added). The plain reading of this section denotes the BOP's permissive authority to grant incentives upon successful program participation during the phase-in period. After the implementation date, the BOP is required to provide rewards to eligible inmates for completion of certain programs. 18 U.S.C. § 3632(d) ("The System *shall* provide incentives and rewards for prisoners to participate in and complete evidence-based recidivism reduction programs.") (emphasis added). In other words, the BOP is not required to award inmates any earned incentives until after January 15, 2022. Thus, when Mr. Parrish filed his Petition on July 30, 2021, the BOP was not yet required to credit him for good time. Mr. Parrish's Petition is thus premature. For these reasons, Mr. Parrish's objection is **OVERRULED.**

### III.

Based upon the foregoing discussion, the Court **ORDERS** Mr. Parrish's objections

to the PF&R are **OVERRULED**. **[Doc. 13]**. There is no basis to disturb the disposition reached in the Order of March 30, 2022. [Doc. 11].

The Court **DIRECTS** the Clerk to transmit a copy of this written Opinion and Order to counsel of record and any unrepresented party.

ENTER: July 19, 2022

Frank W. Volk
United States District Judge